Attorneys—C. L. Foster, for Goodrick; Benjamin F. James, for Sheets; all of Bowling Green.

No. 97
FINN v. FINN
Ohio Appeals, 6th Dist., Lucas Co.
No. 1455. Decided Nov. 24, 1924
615. HUSBAND AND WIFE—Wife cannot sue husband for personal injuries.
CHITTENDEN, J.
Epitomized Opinion
Published only in Ohio Law Abstract

For Supreme Court pending case, see 3 Abs. 37.

This was an action brought by Esther Finn in the common pleas against Julius Finn to recover damages for personal injuries sustained by reason of the alleged negligence of the defendant in operating his automobile. The plaintiff and the defendant were husband and wife. The petition alleged that the defendant, Julius Finn, negligently operated the automobile so as to come into collision with a tree, as the result of which the plaintiff was injured. The defendant filed a motion for a judgment on the pleadings, which was sustained. In affirming the judgment, the court of appeals held:

1. Although the statute conferred upon the wife the right to sue separately for torts committed against her, it does not authorize an action against her husband for damages arising from an automobile accident.

Attorneys—Miller & Brady, for Finn, plaintiff in error; George Lewis and W. H. McLellan, Jr., for Finn, defendant in error.

No. 98
WESTLAKE v. WRIGHT et al.
Ohio Appeals, 7th Dist., Mahoning Co.
No.      Decided Oct. 2, 1924
633. INFANTS—Statute changing majority age of does not affect one having already reached majority status.
POLLOCK, J.
Epitomized Opinion
Published only in Ohio Law Abstract

Catherine Wright filed a suit in partition against Westlake and other codefendants, who she alleged, were joint tenants with her in certain property. After filing of the petition a motion was filed raising the question that Catherine Wright, the plaintiff, was not of age and could not prosecute her action. Upon that hearing an amendment was made to the petition and the words "by General Wright, guardian", inserted. Another one of the defendants filed a motion to strike out this amendment upon the ground that she was capable of prosecuting this action and this motion was sustained. The order of partition was then made and error was prosecuted upon the ground that Catherine Wright was not a competent party to prosecute the action.

Catherine Wright was 18 years of age Dec. 16, 1922. She filed her action in May, 1923. The amendment made by the recent legislature extending the time in which females were to become of age to 21 years became a law on July 18, 1923. At the time she filed her action she had a right to prosecute it, but while it was pending the change in age of majority took place. In holding that she was a competent party to prosecute action, the court of appeals held:

A statute extending the period of majority does not change the status of one who has already reached the age of majority under a former law.

Attorneys—Wirt & Gunlefinger, for Westlake; Fillius & Fillius, and Wilson, Hahn, Henderson & Wilson, for Wright, et al.; all of Youngstown.